**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

Leonard Williams Justice Center
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: October 28, 2016
Date Decided: December 1, 2016

Michael Hanrahan, Esquire
Paul A. Fioravanti, Jr., Esquire
Corinne Elise Amato, Esquire
Kevin H. Davenport, Esquire
Prickett, Jones & Elliott, P.A.
1310 North King Street
Wilmington, DE 19801

Robert S. Saunders, Esquire
Ronald N. Brown, III, Esquire
Sarah R. Martin, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19899

RE: *Chester County Employees' Retirement Fund v. New Residential Corp. et al.,* Civil Action No. 11058-VCMR

Dear Counsel:

This letter opinion addresses Plaintiff's motion for reargument of this Court's October 7, 2016, memorandum opinion (the "Opinion")[1] granting Defendants' motion to dismiss. For the reasons stated herein, the Plaintiff's motion is denied.

---

[1] Capitalized terms not defined in this letter opinion refer to the definitions in the Opinion. *See Chester Cty. Empls.' Ret. Fund v. New Residential Inv. Corp.*, 2016 WL 5865004 (Del. Ch. Oct. 7, 2016).

## I.     BACKGROUND

The complete facts of this case are outlined in the Court's Opinion. Plaintiff's Amended Complaint challenges a series of transactions that New Residential entered in connection with its acquisition of the assets of HLSS. Plaintiff alleges that the New Residential board was beholden to Fortress, which was interested in the HLSS acquisition and associated transactions because the transactions had the effect of increasing FIG's management fees under a Management Agreement that was itself allegedly negotiated by beholden directors. I held in the Opinion that the Amended Complaint fails to adequately allege demand futility because it does not allege that any benefits Fortress received from the challenged transactions were material to Fortress. I granted Plaintiff leave to replead because it appeared that there may have been merit to Plaintiff's claims if properly pled.

On October 14, 2016, Plaintiff filed a motion for reargument as to the Court's dismissal of counts I and II of Plaintiff's Amended Complaint. Plaintiff makes three arguments in its motion. First, Plaintiff argues that the Court incorrectly decided that a materiality requirement applies to the side benefits

Fortress allegedly received as a result of the challenged transactions.[2] Second, Plaintiff contends that if a materiality requirement applies, the Amended Complaint properly alleges materiality.[3] Third, Plaintiff asserts that repleading is not desirable.[4] Defendants filed an opposition to the motion for reargument on October 28, 2016, asserting that Plaintiff does not identify any legal authority that the Court overlooked or any facts that the Court misapprehended and that Plaintiff's contentions are not proper grounds to seek reargument.[5]

## II.    ANALYSIS

Under Court of Chancery Rule 59(f), a party may move for reargument within five days after the filing of the Court's opinion.[6] Reargument will be granted only where the court "overlooked a decision or principle of law that would

---

[2]    Pl.'s Mot. for Reargument ¶¶ 2-4; *see Khanna v. McMinn*, 2006 WL 1388744, at *17 (Del. Ch. May 9, 2006) ("Ultimately, the inquiry into independence turns in this instance on whether Covad's business relationship with BEA Systems was material to BEA or to [the director] himself as a director of BEA."); *Jacobs v. Yang*, 2004 WL 1728521, at *6 (Del. Ch. Aug. 2, 2004) ("Merely stating that the agreements between Yahoo! and AMG are 'crucial to AMG's continued viability' is not enough. . . . [T]he facts alleged do not give rise to the inference that the value of these contracts was material to Activision or Macromedia.").

[3]    Pl.'s Mot. for Reargument ¶¶ 5-14.

[4]    *Id.* ¶¶ 15-16.

[5]    Defs.' Opp. to Mot. for Reargument.

[6]    Ct. Ch. R. 59(f).

have controlling effect or . . . misapprehended the facts or the law so the outcome of the decision would be different."[7]   "Mere disagreement with the Court's resolution of a matter is not sufficient, and the Court will deny a motion for reargument that does no more than restate a party's prior arguments."[8]  It is "not the role of Rule 59(f)" to allow a party to "seek another opportunity to address matters already considered" when the Court did not overlook or misapprehend a point of law or fact.[9]  Reargument also generally is "only available to re-examine the existing record."[10]  A party may seek reargument based on newly discovered evidence only when the party can show that the evidence could not have been discovered before in the exercise of reasonable diligence.[11]

## A.    Self-Dealing

Plaintiff argues that the New Residential public offerings were self-dealing transactions rather than side benefit transactions.  As Plaintiff notes in its motion

---

[7]    *Pontone v. Milso Indus. Corp.*, 2014 WL 4352341, at *1 (Del. Ch. Sept. 3, 2014).

[8]    *Zutrau v. Jansing*, 2014 WL 6901461, at *2 (Del. Ch. Dec. 8, 2014).

[9]    *HB Korenvaes Invs., L.P. v. Marriott Corp.*, 1993 WL 1500678, at *1 (Del. Ch. July 19, 1993).

[10]   *Zutrau*, 2014 WL 6901461, at *2 (quoting *Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4644708, at *1 (Del. Ch. Dec. 31, 2007)) (internal quotation marks omitted).

[11]   *Id.*

for reargument, however, Plaintiff did not address the distinction between self-dealing and side benefit transactions in its briefs or at oral argument.[12]  Even if I were to consider it now, Plaintiff does not point to any fact or law that I misapprehended or overlooked.

Plaintiff also argues that the recharacterization of HLSS income and the renegotiation of the Management Agreement with FIG were self-dealing transactions.  Plaintiff challenges the recharacterization of income and the renegotiation of the Management Agreement separately for the first time in its motion for reargument.  I decline to reconsider my decision when Plaintiff fails to identify any fact or law that I misapprehended in the Opinion but rather seeks to make different arguments about an issue that I already considered.[13]  Plaintiff, instead, should allege facts to support these arguments in a second amended complaint.

### B.    Materiality

Plaintiff argues that if materiality is required, it has been properly pled.  The theory of Plaintiff's case is that Fortress caused New Residential to enter into a series of transactions, including overpaying for the assets of HLSS, in order to

---

[12]    Pl.'s Mot. for Reargument ¶ 2.

[13]    *See HB Korenvaes Invs.*, 1993 WL 1500678, at *1.

increase fees and other benefits to Fortress and its affiliates.[14] Plaintiff alleges, and I held, that at least half of the New Residential directors were beholden to Fortress at the time of the transactions.[15] In the Opinion, I thus inquired into whether the increase in fees and other benefits was material to Fortress.[16]

The Amended Complaint and Plaintiff's motion for reargument include several large numbers, but Plaintiff does not explain how they are probative of whether the alleged benefits were material to Fortress.[17] Regarding Plaintiff's arguments about the fees and benefits themselves, some were raised before[18] and some are new.[19] Although Plaintiff again references large numbers, the Amended

---

[14] The Amended Complaint assumes that all of these benefits flowed to Fortress from its affiliates.

[15] *Chester Cty. Empls.' Ret. Fund v. New Residential Inv. Corp.*, 2016 WL 5865004, at *10 (Del. Ch. Oct. 7, 2016).

[16] *Id.* at *11 & n.69; *see Cambridge Ret. Sys. v. Bosnjak*, 2014 WL 2930869, at *5 (Del. Ch. June 26, 2014); *Khanna v. McMinn*, 2006 WL 1388744, at *17 (Del. Ch. May 9, 2006); *Jacobs v. Yang*, 2004 WL 1728521, at *6 (Del. Ch. Aug. 2, 2004).

[17] *E.g.*, Compl. ¶ 133. Plaintiff's motion for reargument focuses at some points on the size of New Residential's public offerings, for example.

[18] Plaintiff argues that the challenged transactions increased the present value of fees Fortress receives from New Residential by between $487 million and $552 million. *See id.* ¶¶ 9, 133. Plaintiff also points to the allegation that New Residential provides a quarter of the fees from Fortress's private equity business to support its materiality argument. *See id.* ¶ 130.

[19] Plaintiff argues that Fortress received a $100 million benefit from the challenged New Residential transactions over a six-month period, which was material because

Complaint and briefing fail to explain how the increased benefits were material to Fortress. For example, while the Amended Complaint alleges the present value of fees from New Residential, the present value of Fortress's other sources of future revenue is not alleged. The Amended Complaint also fails to explain the relative importance of fees from Fortress's private equity business—or of the business practice of entering the type of transactions challenged in this case—to Fortress's business as a whole. Plaintiff has not pointed to any Delaware authority holding that because numbers are large in Plaintiff's view, they are material to a company regardless of its size. And Plaintiff has not articulated why such a rule should be adopted in Delaware.[20]

Plaintiff also argues that because Fortress touted the fees it earns from permanent capital vehicles in its public disclosures, they were material to

---

Fortress received only $74 million in income from New Residential in all of 2014. Pl.'s Mot. for Reargument ¶¶ 8, 9. The $100 million figure does not appear in Plaintiff's briefs or complaint, and Plaintiff has not explained why it added the numbers that it did to reach the $100 million.

[20] *Cf. Orman v. Cullman*, 794 A.2d 5, 23 (Del. Ch. 2002) ("Materiality means that the alleged benefit was significant enough '*in the context of the director's economic circumstances*, as to have made it improbable that the director could perform her fiduciary duties to the . . . shareholders without being influenced by her overriding personal interest.'" (quoting *In re Gen. Motors Class H S'holders Litig.*, 734 A.2d 611, 617 (Del. Ch. 1999))).

Fortress.[21]   But Plaintiff cites no cases holding that simply because a fact is publicly disclosed, it necessarily is material to a business.[22]

Plaintiff's final approach is to point the Court to the public filings incorporated by reference into the Amended Complaint to support its materiality argument.   Plaintiff references the 2014 Fortress form 10-K (cited once in Plaintiff's Amended Complaint[23]), Fortress's Second Quarter 2015 Earnings Supplement (cited twice in the Amended Complaint[24]), and Fortress's July 30, 2015 Earnings Report (cited once in the Amended Complaint[25]) and suggests that the Court may find additional information in those public filings showing materiality.[26]   Plaintiff may viably argue materiality by referencing additional

---

[21]   Pl.'s Mot. for Reargument ¶ 7.

[22]   *Cf. Khanna v. McMinn*, 2006 WL 1388744, at *17 (Del. Ch. May 9, 2006) (holding that where a director's dual directorship on the boards of two companies that do business with one another is publicly disclosed, the disclosure alone is not sufficient to hold that the business relationship is material to the company or the director).

[23]   Compl. ¶ 57.

[24]   *Id.* ¶¶ 57, 133.

[25]   *Id.* ¶ 133.

[26]   Plaintiff's motion for reargument relies on numbers in the Fortress public filings that did not appear in the Amended Complaint or Plaintiff's opposition brief. *See, e.g.*, Pl.'s Mot. for Reargument ¶¶ 12-13 (citing Fortress's $1.8 billion in total revenue for 2014 and the fact that FOE I and FIG reported 100% of their income on Fortress financial statements).

publicly available information to explain the relative importance to Fortress of the figures in the Amended Complaint. But it is not the responsibility of this Court to parse through hundreds of pages of public filings that Plaintiff cites sparingly in search of relevant facts that Plaintiff should have pled in its Complaint (and could plead in a further amended complaint). Plaintiff is expected to identify the relevant provisions of documents incorporated by reference and make arguments supporting its position. Just as the Court is not required to sift through hundreds of pages of public filings for relevant facts not alleged in the complaint or to anticipate arguments not supported by the complaint, it is unfair to require that Defendants do the same.[27] Moreover, Defendants raised the issue of materiality in their opening brief in support of their motion to dismiss and at oral argument.[28] But Plaintiff did not respond to that argument. I have granted Plaintiff leave to replead.[29] The proper place to assert new materiality allegations is in a second amended complaint.

---

[27] *Am. Legacy Found. v. Lorillard Tobacco Co.*, 2005 WL 5775807, at *2 (Del. Ch. Oct. 3, 2005) ("There is a value in the conservation of judicial resources that ordinarily precludes this sort of piecemeal litigation of issues.").

[28] Defs.' Opening Br. 30, 47-48; Oral Arg. Tr. 19, 34.

[29] *Chester Cty. Empls.' Ret. Fund v. New Residential Inv. Corp.*, 2016 WL 5865004, at *12 (Del. Ch. Oct. 7, 2016).

## C.    Desirability of Repleading

Plaintiff asserts that repleading is not desirable because the composition of the New Residential board has changed, and Plaintiff does not have much more information than the Amended Complaint already alleges.  Whether filing a second amended complaint is desirable is not a relevant consideration on a motion for reargument.[30]    Regardless, the Opinion analyzed only three New Residential directors.  Additionally, Plaintiff's motion for reargument shows that there are more concrete facts publicly available than Plaintiff included in the Amended Complaint or its briefing.  A new complaint—not a motion for reargument—is the proper place for Plaintiff to identify specific numbers and facts in the Fortress financial statements to establish materiality.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for reargument is DENIED.

**IT IS SO ORDERED.**

Sincerely,

*/s/Tamika Montgomery-Reeves*
Vice Chancellor

TMR/jp

---

[30]    *See* Ct. Ch. R. 59(f); *Pontone v. Milso Indus. Corp.*, 2014 WL 4352341, at *1 (Del. Ch. Sept. 3, 2014).